# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 8, 2008

## STATE OF TENNESSEE v. TYRONE NEELY

**Appeal from the Criminal Court for Shelby County**
**No. P-13376     W. Otis Higgs, Judge**

---

**No. W2007-00671-CCA-R3-CD  - Filed April 23, 2008**

---

The Appellant, Tyrone Neely, appeals the Shelby County Criminal Court's denial of his petition to reinstate driving privileges, which were revoked after he was declared a motor vehicle habitual offender (MVHO) on October 20, 1994.  In December 2006, Neely filed a petition to reinstate his driving privileges, pursuant to an amendment to the reinstatement of license statute, Tennessee Code Annotated section 55-10-615(c), which permits immediate reinstatement of driving privileges when one of the underlying convictions which qualifies a person for MVHO status is not enumerated in Tennessee Code Annotated section 55-10-603(2)(A).  In his petition, Neely asserted that his underlying convictions for driving on a cancelled, suspended, or revoked license, were not qualifying offenses of Tennessee Code Annotated section 55-10-603(2)(A); therefore, he was entitled to reinstatement.  At the scheduled hearing, the trial court summarily denied the petition without allowing Neely to present proof regarding the prior convictions.  Neely appeals this ruling.  On appeal, the State concedes, and we agree, that it is necessary that the case be remanded to the trial court for a full hearing to determine the nature of the qualifying convictions and whether Neely is entitled to immediate restoration of his driving privileges as provided by Tennessee Code Annotated section 55-10-615(c).  Accordingly, the judgment of the trial court is vacated and remanded.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Vacated and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Andrew E. Bender, Memphis, Tennessee, for the Appellant, Tyrone Neely.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Zak, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background & Procedural History

On July 22, 1994, the State filed a petition to declare the Appellant a motor vehicle habitual offender. The State submitted the following convictions in support of its petition:

> [The Appellant] was convicted on March 23, 1994 in the SHELBY COUNTY GENERAL SESSIONS for the offense of violating T.C.A. 55-50-504, driving while license cancelled, suspended or revoked[,] Docket Number 94005974[,] the offense having been committed on January 5, 1994.

> [The Appellant] was convicted on February 8, 1993 in the SHELBY COUNTY GENERAL SESSIONS for the offense of violating T.C.A. 55-50-504, driving while license cancelled, suspended or revoked[,] Docket Number 92311025[,] the offense having been committed on November 6, 1992.

> [The Appellant] was convicted on April 28, 1989 in the SHELBY COUNTY GENERAL SESSIONS for the offense of violating T.C.A. 55-10-401, driving while under the influence of an intoxicant or drug[,] Docket Number 89035014[,] the offense having been committed on February 4, 1989.

By order entered on October 20, 1994, the Appellant was declared a motor vehicle habitual offender.

On December 20, 2006, the Appellant filed a petition to restore his driving privileges. His petition alleged "[t]hat the underlying [o]rder declaring [the Appellant] to be a habitual motor vehicle offender is defective because reliance was placed upon prior convictions for the offense of driving while license revoked, suspended, or cancelled which should be excluded based upon a change [amendment] in law." At the scheduled hearing, as well as in his supporting memorandum of law, the Appellant, through counsel, admitted that he currently faced pending charges of driving while a motor vehicle habitual offender. With regard to this pending charge, the record further reflects that the Appellant has been given the option by the Shelby County District Attorney's office to obtain an order restoring his driving privileges, at which time the felony violation charge "will be either dismissed or reduced to a misdemeanor offense." However, if he retains his status as a motor vehicle habitual offender, he will face prosecution for the felony.

At the February 9, 2007 hearing, the following exchange occurred between the trial court and the Appellant's counsel regarding the pending 2006 charge of driving while a motor vehicle habitual offender:

Trial Court:    So when is that case set?

Counsel:    This morning, Judge, and they said for me – Respectfully, Judge, because –

Trial Court:    Sir, I'm just asking you –

Counsel:      Yes.

Trial Court:      – when was it set?

Counsel:      It was set this morning.

Trial Court:      Has it been disposed of?

Counsel:      No. They're waiting for us to –

Trial Court:      I'm not – I'm going to continue this case for a week to let you dispose of this case. I'm not going to do it with a pending case. I've already told you that.

Counsel:      Well, Judge, the only thing that's –

        . . . .

Trial Court:      The Motion is denied.

Counsel:      Judge can –

Trial Court:      Your request is denied.

The written order denying the Appellant's petition to reinstate his driving privileges recites as follows:

> AND IT APPEARING TO THE COURT that the [Appellant] was declared to be an habitual motor vehicle offender on the basis of a Consent Order declaring him to be an habitual motor vehicle offender which was entered in this cause on October 20, 1994, and that the parties have stipulated that one of the convictions relied upon in the Petition to establish that [the Appellant] met the criteria as an habitual motor vehicle offender was a conviction for driving while license revoked or suspended on April 29, 1989 [sic] did not result from an offense enumerated in T.C.A. § 55-10-603(2)(A), although, by stipulation, the conviction for driving while license revoked or suspended on March 23, 1994 did result from an offense enumerated in T.C.A. § 55-10-603(2)(A).

> AND IT FURTHER APPEARING TO THE COURT that the [Appellant] was arrested for an unrelated offense of driving while an habitual motor vehicle offender on November 14, 2006 under Shelby County General Sessions booking No. 06135786 which was brought to the Court's attention and thereafter considered by

the Court, and that as a result of that re-arrest, the Defendant is not, in the discretion of the Court, a proper person to be granted restoration of his driving privileges.

The Appellant filed a timely notice of appeal.

## Analysis

The Appellant argues that the trial court "lacked discretion" to deny his petition to reinstate driving privileges. He contends, relying upon a 2000 amendment to the Motor Vehicle Habitual Offender Act, at Tennessee Code Annotated section 55-10-615(c), that the convictions upon which his 1994 designation as a motor vehicle habitual offender was based required the trial court to grant his petition for reinstatement of driving privileges. He cites to the trial court's order that "it was stipulated by the parties that one of the underlying convictions used to declare the Appellant to be a motor vehicle habitual offender was one that must be excluded from consideration," and he relies upon this finding to argue that the court was required to restore his driving privileges in Tennessee pursuant to statute. The Appellant further asserts that the trial court improperly based the denial of his petition solely on his 2006 "unrelated arrest" for driving while an habitual offender. The State responds by conceding that remand is necessary in order that the trial court "make findings of fact on the underlying violations that led to the [Appellant]'s two convictions for driving on a revoked license."

The Motor Vehicle Habitual Offender Act ("the Act") provides as follows regarding a petition for reinstatement of driving privileges by one who has been declared a motor vehicle habitual offender:

(a) In no event shall a license to operate motor vehicles in this state be issued to an habitual offender for a period of three (3) years from the entry date of the order of the court finding such person to be an habitual offender. In no event shall a license to operate a motor vehicle in this state be issued to an habitual offender until such habitual offender has met all requirements which the provisions of the financial responsibility law may impose.

(b) At the expiration of three (3) years from the date of any final order of a court, entered upon the provisions of this part, finding a person to be an habitual offender and directing such person not to operate a motor vehicle in this state, such person may petition the court where found to be an habitual offender or any court of record having criminal jurisdiction in the county in which such person then resides, for restoration of the privilege to operate a motor vehicle in this state. Upon such petition, and for good cause shown, such court may, in its discretion, restore to such person the privilege to operate a motor vehicle in this state upon such terms and conditions as the court may prescribe, subject to other provisions of law relating to the issuance of operators' or chauffeurs' licenses.

-4-

T.C.A. § 55-10-615(a),(b) (2006).  In 2000, the following language was added to the Act:

> Notwithstanding subsection (a) or (b) or any other provision of law to the contrary, if a person is declared to be a habitual motor vehicle offender and one (1) or more of the requisite convictions was for . . . driving on a cancelled, suspended or revoked license as prohibited by § 55-50-504 where the underlying violation of § 55-50-504 was not an offense enumerated in § 55-10-603(2)(A),[1] such person may petition the court where such habitual offender finding occurred or any court of record having criminal jurisdiction in the county in which such person then resides for immediate restoration of the privilege to operate a motor vehicle in this state.  After reviewing such petition, if the court finds that one (1) or more of such requisite convictions was for . . . § 55-50-504 where the underlying offense was not one (1) enumerated in § 55-10-603(2)(A), then the court shall restore to such person the privilege to operate a motor vehicle in this state upon such terms and conditions as the court may prescribe, subject to other provisions of law relating to the issuance of operators' or chauffeurs' licenses.

*Id.* at (c).

First, we would observe that we are unable to reconcile inconsistencies in the trial court's order with other documents included in the record.  The order identifies April 29, 1989, as the date on which the Appellant was convicted for the offense of driving while license was cancelled, suspended, or revoked, but the record demonstrates that the conviction corresponding with this date was actually for the offense of driving under the influence.  Finally, the trial court's order recites that the April 29, 1989 conviction "did not result from an offense enumerated in T.C.A. 55-10-603(2)(A)," which if correct, would entitle the Appellant to "immediate restoration of his driving privileges," as provided by Tennessee Code Annotated section 55-10-615.  Again, the order provides that the March 23, 1994 conviction "did result from an offense enumerated in T.C.A. 55-10-603(2)(A)."  No stipulation or other proof is included in the record supporting either of these findings with regard to these two convictions.  Indeed, the qualifying nature of these two convictions was the sole reason for the hearing, which was prematurely terminated by the trial court.

Accordingly, this case is remanded to the trial court for findings of fact to determine the qualifying nature of the Appellant's two convictions for driving on a revoked license.  If the two underlying convictions are enumerated in Tennessee Code Annotated section 55-10-603(2)(A), then the trial court has the discretion to determine whether to restore the Appellant's driving privileges.  If one or both of the underlying convictions are not enumerated in Tennessee Code Annotated

---

[1] Tennessee Code Annotated section 55-10-603(2)(A) enumerates fifteen offenses for driving on a cancelled, suspended, or revoked license which would preclude reinstatement of driving privileges under subsection (c). One such example is a conviction for driving on a cancelled, suspended, or revoked license, if the underlying offense in such cancellation, suspension, or revocation resulted from a DUI, in violation of Tennessee Code Annotated section 55-10-401. T.C.A. § 55-10-603(2)(A)(viii) (Supp. 2007).

section 55-10-603(2)(A), then the trial court "shall" restore the Appellant's driving privileges, as required by Tennessee Code Annotated section 55-10-615(c).

## CONCLUSION

Based on the foregoing, the order of the Shelby County Criminal Court is vacated, and the case is remanded for further proceedings consistent with this opinion.

_____
DAVID G. HAYES, JUDGE